UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VW CREDIT LEASING LTD. and PEARL BETESH,<br><br>                      Plaintiffs,<br><br>                      v.<br><br>RUNWAY TOWING CORP., RUNWAY TOWING & RECOVERY CORP., CYNTHIA PRITSINEVELOS, and TRIBOROUGH BRIDGE & TUNNEL AUTHORITY,<br><br>                      Defendants. | **MEMORANDUM & ORDER**<br>20-CV-05306 (HG) (MMH) |

**HECTOR GONZALEZ**, United States District Judge:

On March 30, 2024, the Court issued an order on the parties' motions for summary judgment.  *See VW Credit Leasing Ltd.*, *v. Runway Towing Corp.*, No. 20-cv-5306, 2024 WL 5384671, at *7–9 (E.D.N.Y. Mar. 30, 2024) ("*VW I*").  As relevant to the instant motions, the Court held that (1) the Runway Defendants (Defendants Runway Towing & Recovery Corp., Runway Towing Corp., and Cynthia Pritsinevelos, together, "Runway") did not act under color of state law for the purpose of the allegations in this case, and (2) Defendant Triborough Bridge and Tunnel Authority's ("TBTA") policy of not notifying lienholders either prior to or after it had called for their vehicles to be towed caused a violation of Plaintiff VW Credit Leasing LTD's ("VW") due process rights.  *Id.* at *7–9.[1]  Now, VW and the TBTA each seek reconsideration of these parts of the Court's Order under Rule 60(b) of the Federal Rules of Civil

---

[1]     Broadly, the Court granted in part and denied in part VW's motion, granted in part and denied in part the TBTA's motion, and declined to exercise supplemental jurisdiction over certain claims.  Although not relevant to the instant motions, the Court also resolved summary judgment motions brought by and against Plaintiff-Intervenor Pearl Betesh and Runway.

Procedure and Local Civil Rule 6.3.  ECF No. 120-1 (VW Motion for Reconsideration); ECF No. 124 (TBTA Motion for Reconsideration).

## LEGAL STANDARD

"The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535–36 (E.D.N.Y. 2015) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995));[2] *see also* Loc. Civ. R. 6.3.  "[A] motion for reconsideration is not a vehicle for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001).  In other words, "a party may not advance new facts, issues or arguments not previously presented to the court." *Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 250 (S.D.N.Y. 1999).  And, under Rule 60(b), which is "a mechanism for extraordinary judicial relief," that can be "invoked only if the moving party demonstrates exceptional circumstances," *see Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), a motion "is properly denied where it seeks only to relitigate issues already decided," *Djenasevic v. New York*, No. 17-cv-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019).  The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001) (same).

---

[2]     Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

## **DISCUSSION**

The Court assumes the parties' familiarity with the facts and procedural history of this case as set forth in the Court's prior Order. *See VW I*, 2024 WL 5384671, at *2–3. VW asks the Court to reconsider its holding that Runway was not acting under color of state law when it towed the at-issue Audi, asserted a lien on it, and eventually sold it. ECF No. 120-1 at 9–15.[3] The TBTA, on the other hand, asks the Court to reconsider its holding that the TBTA is required to provide lienholders like VW with notice and an opportunity to be heard after their vehicle has been towed. ECF No. 124 at 4–7. The Court will address each argument in turn.

I. **Runway Was Not Acting Under Color of State Law in Connection with this Case**

In its prior Order, the Court held that Runway did not act under color of state law when it imposed a garageman's lien on the Audi and eventually sold the vehicle. *VW I*, 2024 WL 5384671, at *8–9. Now, VW argues that because, in a different part of its decision, the Court held that the TBTA did not unconstitutionally seize the Audi because it seized the vehicle pursuant to the community caretaking exception, *see id.* at *5–6, the Court erred in its conclusion as to Runway. *See generally* ECF No. 120-1. VW alleges that the Court erred because it did not consider whether Runway assisted the TBTA in continuing to carry out its community caretaking function by holding and disposing of the Audi. *Id.*

VW argued at summary judgment that Runway acted under color of state law because it "exercised an exclusive prerogative of the state" when it acted "in concert with the TBTA," and because it was a "joint participating [sic] in state action." ECF No. 96-1 at 30–31. Here, VW is essentially attempting to advance the arguments that it already raised—and that the Court rejected—under the guise of a new theory, the community caretaking function, that it could have

---

[3]   The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

3

but chose not to raise at summary judgment. This attempt to reargue and reframe prior arguments under a new theory is precisely the kind of "second bite at the apple" that is inappropriate on a motion for reconsideration. *See, e.g.*, *Davidson*, 172 F. Supp. 2d at 463–64; *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (the standard for securing reconsideration is intentionally high "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters").

To be clear, the Court held that the TBTA seized the Audi when it called Runway and asked it to come tow the vehicle. *VW I*, 2024 WL 5384671, at *5–8. That was state action, carried out by the TBTA, and, as such, VW needed to be provided with notice and an opportunity to be heard after the vehicle had been seized. *Id.* However, Runway's actions after it towed the vehicle in imposing a garageman's lien on the Audi and eventually selling it were not state action. The record was clear at summary judgment that Runway did not hold the Audi pending payment of the unpaid tolls that Betesh owed to the Port Authority or any other amounts owed to the TBTA. *Id.* at *3. As such, and as explained in the Court's prior Order, the Court cannot conclude that Runway's actions after it towed the Audi were "compelled by the state, entwined with state policies, encouraged by the state, or part of a public function delegated to Runway by the state." *Id.* at *9. VW asserts, without citation to the record or a case, that "[i]t is undisputed that Runway performed the service of holding the vehicle as a joint participant in the TBTA's community caretaking of the vehicle." ECF No. 120-1. As already explained in its prior Order, the Court disagrees.[4] The undisputed facts here simply do not support a finding that

---

[4] The cases to which VW cites throughout its motion for reconsideration are largely distinct from this case—for example, VW argues that *Barrett v. Harwood* "controls the decision here" and that in that case, the Second Circuit "held that when police take an 'active hand' that is 'critical' to the tow operator taking possession, the joint action element for state action exists." ECF No. 120-1 at 9 (citing *Barrett v. Harwood*, 189 F.3d 297, 302 (2d Cir. 1999)). This assertion is misleading. In *Barrett*, the Circuit was addressing the question of when "a state can

4

the TBTA played any role in Runway's continued retention of the Audi after the vehicle was towed or that the TBTA took any action that would have prevented Plaintiffs from retrieving the Audi. *VW I*, 2024 WL 5384671, at *6.

In sum, because granting Plaintiff's motion would violate the settled rules that a motion for reconsideration is not simply a vehicle for "securing a rehearing on the merits," *see Davidson*, 172 F. Supp. 2d at 463–64, nor an opportunity "to relitigate an issue already decided," *see Shrader*, 70 F.3d at 257, VW's motion is procedurally improper. And, even if proper, VW has not convinced the Court that reconsideration of its prior Order on the merits is warranted. Accordingly, VW's motion is denied.

## II. The TBTA Is Required to Provide Lienholders with Notice and an Opportunity to Be Heard

"It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Nat'l Union Fire Ins. Co. v. Las Vegas Pro. Football Ltd.*, 409 F. App'x 401, 403 (2d Cir. 2010). Indeed, "[a] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic*, 2019 WL 2330854, at *2; *see also Ceparano v. Suffolk Cnty.*, No. 10-cv-2030, 2013 WL 1749898, at *2 (E.D.N.Y. Apr. 17, 2013) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."). Ignoring this, the

---

assist a secured creditor in the repossession of a debtor's property." 189 F.3d at 301. That is clearly a different factual circumstance from the one currently at issue where the question is whether a private entity's actions can be considered state action. And, in *Alexandre v. Cortes*, which VW cites for the proposition that the state remains responsible for impounded vehicles until the property is "released with owner consent or is disposed of with due process," *see* ECF No. 120-1 at 11–12, the state *itself* was holding the property of prisoners that was seized incident to their arrests—the property was not being held by a third-party. 140 F.3d 406, 413 (2d Cir. 1998).

5

TBTA's motion largely seeks to relitigate the very same issues that the Court already decided with the addition of new evidence that it did not put forward at summary judgment. *See generally* ECF No. 124. These are not appropriate grounds for a motion for reconsideration, and the TBTA's motion is denied in its entirety for the reasons further detailed herein.

First, the TBTA argues that it does not need to provide VW with notice and an opportunity to be heard either pre- or post-seizure because New York Lien Law requires Runway to provide notice to a titleholder when a vehicle has been towed and this notice is sufficient to satisfy the requirements of due process. ECF No. 124 at 4–6. The TBTA also argues that it is not required to provide VW with any process because VW could have challenged Runway's imposition of a garageman's lien and sought injunctive relief using state procedures. *Id.* at 5. The TBTA made this same argument at summary judgment and the Court did not find it convincing. *See* ECF No. 108 at 24; *VW I*, 2024 WL 5384671, at *7. Because Runway is a private actor and not a state actor, it is not clear to the Court how an obligation imposed upon Runway by state law could somehow satisfy the TBTA's constitutional obligation[5] to provide post-seizure due process. *Cf. HVT, Inc. v. Port Auth.*, No. 15-cv-5867, 2018 WL 3134414, at *12 (E.D.N.Y. Feb. 15, 2018) (holding that defendant's argument that "compliance with New York Lien Law obviates the need to comply with the United States Constitution" was "wholly without merit"). And, the Second Circuit has held that "a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." *Ford Motor Credit Co. v. New York City Police Dep't*, 503 F.3d 186, 194 (2d Cir. 2007).[6] As the Court has

---

[5]  As the Court explained in its prior Order, "[a]s a public benefit corporation, the TBTA is treated as a municipal entity for purposes of assessing liability under Section 1983[.]" *VW I*, 2024 WL 5384671, at *4.

[6]  The cases that the TBTA cites to support its position are inapposite. For example, *New York State National Organization for Women v. Pataki*, 261 F.3d 156, 169 (2d Cir. 2001), has

already explained, "the TBTA agrees that its existing policies do not require the TBTA to notify titled owners or lessors that a vehicle has been towed," and the fact that a lessor could otherwise learn that its vehicle was seized does "not relieve the state actor of its obligation to provide adequate notice to the lessor regarding the seizure." *VW I*, 2024 WL 5384671, at *7 (citing *TD Auto Fin. LLC v. Cnty. of Putnam*, No. 21-cv-9080, 2023 WL 6295116, at *9 (S.D.N.Y. Sept. 27, 2023)). Accordingly, the Court will not reconsider its prior holding.[7]

The relevance of the TBTA's next argument is difficult to discern. The Court has already concluded that the TBTA did not carry out an unconstitutional seizure when it phoned Runway to ask it to tow the Audi, and granted the TBTA's motion for summary judgment on VW's unreasonable seizure claims. *Id.* at *6. Nevertheless, in its motion for reconsideration, the TBTA reiterates that it was "entitled" to have the Audi towed from its property after the Beteshes left it there. ECF No. 124 at 7. The Court agrees—that is why it concluded that although the TBTA seized the Audi, the seizure was not unconstitutional. *See VW I*, 2024 WL 5384671, at *6. The TBTA goes on to argue that, somehow, the fact that the *Beteshes* "could have made their own arrangement to take the Vehicle off of TBTA property and bring it to a location of

---

nothing to do with government seizures and instead relates to the adjudication and dismissal of discrimination claims brought in an administrative forum under New York's Human Rights Law.

[7] In its reply in support of its motion for reconsideration, the TBTA argues for the first time that an Article 78 proceeding is an appropriate post-deprivation remedy. ECF No. 131 at 7. Since a motion for reconsideration may not be used to advance new arguments not previously presented, this argument is not properly before the Court. Regardless, the Court has already determined that the due process violation that VW suffered was caused by the TBTA's policies and procedures, *see VW I*, 2024 WL 5384671, at *8, and courts routinely hold that an Article 78 proceeding is not a sufficient remedy when the due process violation results from "established state procedures." *See, e.g.*, *Santander Consumer USA, Inc. v. Port Auth.*, No. 20-cv-1997, 2022 WL 3099239, at *9 (E.D.N.Y. Aug. 4, 2022) ("[A]lthough an Article 78 proceeding is a perfectly adequate post-deprivation remedy in situations involving claims of deprivations of liberty or property interests where such deprivations result from random and arbitrary acts of state employees, that is not so when the due process violation was caused by an established state procedure.").

their choosing"—a fact that the Court considered in determining whether *Pearl Betesh's* constitutional rights were violated—is relevant to the Court's determination of whether the TBTA's policies violated *VW*'s due process rights. ECF No. 124 at 6–7. The TBTA does not clearly articulate how this could be the case or cite to any relevant case law for its apparent conclusion that choices made by and warnings given to the *Beteshes* somehow nullify VW's due process rights. *Id.*[8] Needless to say, the Court does not find this argument convincing. Next, the TBTA tries to argue that because it was within its rights to remove the Audi from its property after the Beteshes did not choose to make their own arrangements, doing so was "not a seizure of that vehicle in any meaningful sense" and therefore did not trigger a duty to provide notice to lienholders like VW. *Id.* at 7. The Court has already fully considered and rejected this argument, *see VW I*, 2024 WL 5384671, at *5–8, and the TBTA's barely-articulated argument that somehow choices made by the Beteshes abrogate VW's constitutional rights does not merit reconsideration.

Third, the TBTA argues that the Court somehow erred in its application of the *Mathews* factors because, in assessing the government's interest, a factor that the Court found weighed in the TBTA's favor, the Court did not properly weigh "the burden on TBTA's Administrative staff and Bridge and Tunnel Officers to issue the additional notices that are required." ECF No. 124 at 8. The TBTA argues that the Court should rebalance the *Mathews* factors[9] and conclude that

---

[8]    Indeed, the Court already determined that any notice provided to the Beteshes did not constitute notice to VW and that the fact that the Beteshes "may have informed VW that the Audi was towed is of no consequence in the due process analysis." *VW I*, 2024 WL 5384671, at *7–8. That the Beteshes had both notice and an opportunity to be heard does not mean the same is true for VW.

[9]    "In determining how much process is due, a court must weigh (1) the private interest affected, (2) the risk of erroneous deprivation through the procedures used and the value of other

8

"no separate independent notice from TBTA" is required. *Id.* The *Mathews* test is not, despite what the TBTA appears to argue, a test to determine whether *any* process is due but rather a test to determine "how much" process is due—in other words, what kind of notice and hearing are required. *See Spinelli*, 579 F.3d at 170; *see also Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("Due process does not, in all cases, require a hearing before the state *interferes* with a protected interest, so long as some form of hearing is provided before an individual is finally deprived of the property interest."). Despite this fundamental misconception in the TBTA's motion, the Court will briefly address its arguments regarding the the *Mathews* factors.

To support its argument that the Court needs to rebalance the *Mathews* factors, the TBTA submits a declaration from Erik Horman, a TBTA employee, that was not provided to the Court at summary judgment (the "Declaration"), and argues that the TBTA does not have an administrative structure set up to allow it to provide post-deprivation notice and that establishing one would be a significant burden that would require the TBTA to invest in additional staffing. *See* ECF No. 123 (Declaration); ECF No. 124 at 8–11. Although the Declaration and the specific facts contained therein are new, at summary judgment the TBTA *did* argue that requiring it to hold "a hearing every time a vehicle's license plates are removed, before the vehicle is towed, is completely impractical and unworkable." ECF No. 108 at 24. The Court agreed and, after considering the burden of a pre-deprivation hearing on the TBTA, concluded that the notice and hearing required by the Constitution could be provided post- rather than pre-deprivation. *VW I*, 2024 WL 5384671, at *6–8. The Court gave substantial consideration to the administrative burden of providing notice and reached its determination accordingly. Any

---

safeguards, and (3) the government's interest." *Spinelli v. City of New York*, 579 F.3d 160, 170 (2d Cir. 2009) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

9

argument that the Court did not appropriately weigh "the burden on TBTA's administrative staff," *see* ECF No. 124 at 8, is therefore misplaced. *VW I*, 2024 WL 5384671, at *6–8.

Since the TBTA's argument that the Court did not consider the administrative burden of providing notice is incorrect, the Court moves on to the TBTA's argument that the Court was unable to consider the full extent of that burden because it did not have the specific information that the TBTA now provides in the Declaration. ECF No. 124 at 8–9. In its motion seeking reconsideration, the TBTA makes no effort to address the propriety of its submission of the Declaration. *See* ECF No. 124. Rather, it only does so in its reply in support of its motion, *see* ECF No. 131, in response to VW's well-articulated arguments that the Declaration is not properly before the Court. ECF No. 128 at 9–10. In its reply, the TBTA simply states that the Declaration is "newly discovered evidence that is not in the discovery record on this case" because it contains "information about the number of interdictions in April of this year, and the TBTA's expectation for the future number of interdictions," but does not explain how the Declaration fits into the relevant standard discussed below. ECF No. 131 at 10.

Rule 60(b)(2) of the Federal Rules of Civil allows the Court to reconsider an order on the basis of "newly discovered evidence." To succeed on a motion under Rule 60(b)(2), the TBTA must establish that: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) [it was] justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is not] merely cumulative or impeaching." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020). The Court cannot conclude that the TBTA's declaration meets these requirements. The TBTA was obviously not "justifiably ignorant" of the issues raised in a Declaration drafted by its own employee, and the appropriate time to raise these concerns was at summary judgment given that

10

the TBTA was facing a procedural due process claim related to its failure to provide notice and an opportunity to be heard. Adding new facts into the record on a motion for reconsideration in the form of a Declaration that could have been submitted at summary judgment is procedurally improper. *See SEC v. Collector's Coffee Inc.*, 464 F. Supp. 3d 665, 668 (S.D.N.Y. 2020) ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so."). Accordingly, the Court cannot grant the TBTA's motion on the basis of the newly provided Declaration or consider that Declaration in reaching its conclusions herein.

However, even if the Court had considered the Declaration, it would not alter its conclusion. The law is clear that while "[d]ue process is flexible," "some form of hearing is required before an individual is finally deprived of a property interest." *Mathews*, 424 U.S. at 333–34; *see also TD Auto Fin.*, 2023 WL 6295116, at *9 (citing to *Propert v. District of Columbia*, 948 F.2d 1327, 1332 (D.C. Cir. 1991) and explaining that the "amount of process required can never be reduced to zero—that is, the government is never relieved of its duty to provide *some* opportunity to be heard prior to final deprivation of a property interest"); *HVT*, 2018 WL 3134414, at *9 (explaining that "[t]he law is quite clear" that the government "cannot" "summarily deprive [p]laintiff of its property without any opportunity for a hearing"). The Court's prior decision carefully weighed the *Mathews* factors and allowed the TBTA significant leeway in providing the notice and hearing required by the Constitution *post-deprivation* in recognition of the administrative burden of providing such notice. *See VW I*, 2024 WL 5384671, at *6–8. The Court is not aware of any less burdensome way in which the constitutionally required notice and hearing could be provided.[10] Indeed, most courts in this Circuit that have

---

[10] The TBTA also argues that the benefit of additional notice to VW (*i.e.*, notice from the TBTA) is low because Runway was required to provide VW with notice under the New York

11

considered cases involving the notice necessary in connection with the seizure of a vehicle have held that the state entity responsible for the seizure must provide notice and an opportunity to be heard. *See, e.g.*, *Toyota Lease Tr. v. Vill. of Freeport*, No. 20-cv-2207, 2023 WL 4443992, at *9 (E.D.N.Y. Jan. 24, 2023) (explaining that municipalities must adopt policies that provide that "notice must be sent to titled owners, registered owners and record lienholders of the seized vehicles," "notice must be sent promptly after the seizure," "that notice must clearly provide an opportunity for a hearing, and that the government must be responsible for arranging and conducting the hearing"), *report and recommendation adopted*, 2023 WL 4449333 (E.D.N.Y. Mar. 30, 2023); *TD Auto Fin.*, 2023 WL 6295116, at *7–11. This Court is not unique in reaching the same conclusion.

Accordingly, the TBTA's motion for reconsideration is denied.

---

Lien Law. The TBTA raised this same argument at summary judgment, *see* ECF No. 108 at 24, and the Court rejected it. And, in support of this argument, the TBTA reiterates the arguments that the Court has already explained are unconvincing regarding the sufficiency of the notice provided by Runway. Because Runway is not a state actor, any notice it provides cannot function as a substitute for the notice that must be provided under the Constitution.

12

## **CONCLUSION**

For the reasons set forth above, the Court DENIES VW's Motion for Reconsideration, *see* ECF No. 120-1, and DENIES the TBTA's Motion for Reconsideration, *see* ECF No. 124. On or before February 28, 2025, VW and the TBTA shall meet and confer and submit to the Court a joint letter not to exceed five pages regarding the next steps necessary to conclude this case in light of this Order and the Court's prior Order.[11]

SO ORDERED.

      */s/ Hector Gonzalez*
      HECTOR GONZALEZ
      United States District Judge

Dated: Brooklyn, New York
       February 14, 2025

---

[11] The Court's prior Order had directed the parties to meet and confer regarding an appropriate modification to the TBTA's existing policies. Upon review of the record and other similar cases, the Court has determined that this is not necessary. The TBTA is on notice regarding its policies.